## AXEL E. POTVIN v. MINNIE POTVIN.[1]

March 28, 1929.

No. 27,046.

*John G. Priebe,* for appellant.
*Louis Solem,* for respondent.

[1]Reported in 224 N. W. 461.

OLSEN, C.

Appeal by defendant from the judgment.

Plaintiff brought this action for divorce on the ground of cruel and inhuman treatment. The action was commenced in December, 1926, tried in November, 1927, and judgment entered January 13, 1928. By the judgment plaintiff was granted an absolute divorce from the defendant and was required to pay to her as alimony the sum of $2,000, payable in monthly instalments of $30 per month, beginning on February 1, 1928. He was also required to pay to defendant's attorney, as attorney's fees, the sum of $200 in monthly payments of $25, beginning on March 1, 1928. A motion was thereafter made to strike out and amend the findings of fact and conclusions of law and to amend the judgment so as to grant judgment in favor of defendant, denying plaintiff a divorce and granting attorney's fees to defendant's attorney, on the ground that the evidence did not sustain the findings and judgment. The motion was denied. The present appeal was taken in June, 1928.

■ No motion for a new trial was made. No errors in rulings or proceedings at the trial are presented by the appeal. The assignments of error are directed only to the refusal of the court to strike out parts of and amend the findings of fact, conclusions of law and judgment. The questions raised by the appeal are limited to a consideration of whether the evidence reasonably sustains the findings of fact and whether the conclusions of law and judgment are sustained by the findings of fact. Cincinnati T. R. Co. v. Loe, 152 Minn. 374; 188 N. W. 1011.

■ Examination and consideration of the record presented lead to the conclusion that the evidence is sufficient to sustain the findings of fact. The decisive finding is that defendant was guilty of cruel and inhuman treatment of plaintiff, as alleged in the complaint. The evidence sustains that finding. The allowance made for alimony and attorney's fees is not here seriously challenged and is sustained. The conclusions of law and judgment are in accord with the findings and sustained by them.

■ Defendant's brief is directed to the proposition that this action should be held barred by a judgment in a former action between the

parties. It does appear that in 1924 an action was brought by plaintiff against defendant for divorce and the action was tried. Up to the time of the trial of the present action, no judgment had been entered in the former suit. It is claimed that judgment in the former action was entered just before the end of the trial of this action. After the close of the evidence in this case, defendant's counsel asked leave to reopen the case for the purpose of introducing the record and judgment in the former action. Leave so to do was granted, but no such record was identified, marked as an exhibit, or offered. No further action thereon is shown. The findings of fact make no mention of any such judgment and indicate that the same was not presented to or considered by the trial court. There was no amended or supplemental answer pleading the claimed judgment. Upon the record presented, the judgment claimed as a bar is not shown to have been in evidence before the trial court nor to be before this court.

Judgment affirmed.