# RICHARD GRUENHAGEN v. CEDRIC LARSON, d.b.a. LARSON AUTO WRECKING.

246 N. W. 2d 565.

October 8, 1976—No. 46190.

*McPherson Law Offices* and *Jeffrey S. Ronbeck*, for appellant.
*Fallon, Green, Battis & Wolf, J. Peter Wolf*, and *Timothy W. J. Dunn*, for respondent.

Heard before Todd, Yetka, and Scott, JJ., and considered and decided by the court en banc.

TODD, JUSTICE.

In this case, respondent, Richard Gruenhagen, bought used cars from appellant, Cedric Larson, for resale. Several of the vehicles were subsequently discovered to have been stolen. Gruenhagen was obligated to repay his customers and claimed he lost his business as a result of these transactions. Gruenhagen recovered judgment for general and punitive damages. Larson moved for an order vacating the judgment and granting a new trial, based on alleged newly discovered evidence. The motion was denied. Larson appeals from the denial of his motion and from the judgment. We affirm.

Larson operated a wrecking and salvage yard. The record discloses that he would acquire stolen automobiles, replace the serial numbers and license plates with those held in his name, and resell the vehicles. Gruenhagen testified that he had no knowledge, at the time he purchased automobiles from Larson, that such vehicles had been stolen. Gruenhagen took the vehicles to his automobile repair business in Mikana, Wisconsin. There he invested money and time in reconditioning them prior to offering them for resale. Upon being notified by law enforcement officials that the vehicles were stolen property at the time he acquired them, Gruenhagen cooperated by turning over to them those stolen vehicles still in his possession and assisting in locating those which he had already sold.

Gruenhagen testified that as a result of Larson's fraudulent actions several judgments were obtained against him by persons who had purchased the stolen vehicles from him, and that he was unable to maintain employment thereafter because of levies on his wages as a result of these judgments. In addition, he testified that he was forced to sell his business since the community ceased

to patronize it. Gruenhagen submitted evidence of general damages totaling $10,965.80, and also sought to recover punitive damages on the grounds that his credit and reputation were severely injured and that he suffered mental anguish. The jury returned a verdict in Gruenhagen's favor of $10,000 general damages and $3,500 punitive damages.

Larson was represented by private counsel at the time of the commencement of the action. His first answer to the complaint denied any knowledge that the automobiles in question were stolen. Later, an amended answer was filed admitting Larson's knowledge that the automobiles were stolen, but alleging that Gruenhagen also knew the automobiles were stolen property at the time he purchased them. During the interim between the original answer and the amended answer, Larson had pled guilty to Federal criminal charges of transporting and selling stolen automobiles in interstate commerce and was sentenced to the Federal prison at Sandstone, Minnesota.

While incarcerated, Larson dismissed his private counsel in this civil action, whereupon Legal Assistance to Minnesota Prisoners (LAMP) assumed his defense. LAMP attorneys negotiated a settlement of this claim to which Larson initially acceded, but Larson subsequently changed his mind and rejected the proposed settlement. LAMP thereupon withdrew as his counsel. Larson then defended himself pro se, drafting the remainder of the pleadings and pretrial motions, and representing himself at the trial which commenced after his release from prison. Larson sought to proceed in forma pauperis, but this motion was properly denied by the trial court on the basis of Larson's ownership of nonhomestead property. Larson never sought to be represented by appointed counsel or complained in any way about his self-representation.

During the trial, Larson sought and obtained a 1-day continuance in order that he might produce witnesses to testify that Gruenhagen knew at the time he purchased the automobiles from Larson that they had been stolen. One such possible witness was

confined in a Federal penitentiary at the time, and Larson claims he was not aware of the procedures to be followed in securing his testimony in court, but three other witnesses he produced specifically testified that Gruenhagen was aware at the time of his purchases that the vehicles in question were "hot" or stolen.

Following entry of judgment, Larson retained a private attorney who moved the court to vacate the judgment on the basis of newly discovered evidence. This evidence consisted of an affidavit of the aforementioned unavailable witness to the effect that Gruenhagen knew the automobiles were stolen at the time he purchased them. The trial court denied the motion for relief from the judgment, and Larson contends this motion should have been granted.

In addition, Larson raises some alleged errors for the first time during this litigation: (1) Whether the trial court's admission of evidence of Larson's Federal court conviction for the interstate transportation of stolen vehicles was erroneous and prejudicial, and (2) whether Larson is entitled to relief from the judgment under Rule 60.02(6), Rules of Civil Procedure, for the reason that he was not adequately prepared for trial because he had no professional legal advice.

The issues for our consideration are:

(1)  Should Larson be permitted to raise alleged errors of law for the first time on appeal?

(2)  Is the judgment sustained by the evidence?

(3)  Did the trial court err in denying Larson's motion to vacate the judgment on the ground of newly discovered evidence?

(4)  Should the judgment be vacated because of the inadequate defense of pro se counsel?

■ A well-established, fundamental tenet of appellate jurisdiction is that assignments of error which have not been presented to the trial court for consideration will not be reviewed on appeal. The plethora of Minnesota cases upholding this basic rule are cited in 1B Dunnell, Dig. (3 ed.) § 384(2). This court has consistently applied this general principle to preclude the initial

consideration on appeal of the specific alleged error which Larson seeks to raise for the first time on the present appeal, namely, the admissibility of evidence. State v. Ferraro, 277 Minn. 204, 152 N. W. 2d 183 (1967); State v. Johnson, 277 Minn. 230, 152 N. W. 2d 768, certiorari denied, 390 U. S. 990, 88 S. Ct. 1190, 19 L. ed. 2d 1297 (1967).

Larson recognizes that the general rule would bar this court's consideration of his tardily-raised contention as to the admissibility of the testimony regarding his Federal court conviction, but relies upon the principle that appellate courts possess the inherent power to make exceptions to this rule "if necessary to serve the ends of substantial justice or prevent the denial of fundamental rights." 5 Am. Jur. 2d, Appeal and Error, § 549. However, one of the two opinions cited by Larson to support this proposition cautioned that the court "will exercise its discretion in this fashion but sparingly," and the court in that case in fact refused to exercise its discretion to make an exception to the general rule. Hunt v. Deming, 375 Mich. 581, 585, 134 N. W. 2d 662, 664 (1965). Most of the cases in which courts have been willing to make an exception to the general rule have been criminal cases involving the deprivation of life or liberty. Courts have been especially apt to ignore the general rule in capital cases. 5 Am. Jur. 2d, Appeal and Error, § 549. Since what is at stake for Larson in the present case is a property interest, rather than his liberty—let alone his life—the instant case is readily distinguishable from the few cases in which courts have sanctioned deviations from the basic principle that an appellate court may not consider questions raised for the first time on appeal.

■ Equally well established is the rule that on appeal from a judgment where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment. Potvin v. Potvin, 177 Minn. 53, 224 N. W. 461 (1929); Meiners v. Kennedy, 221 Minn. 6, 20

N. W. 2d 539 (1945); Laabs v. Hagen, 221 Minn. 89, 21 N. W. 2d 91 (1945).

We find that the judgment in this case is sustained by the evidence and that the general and punitive damages awarded were not excessive.

■ Rule 60.02, Rules of Civil Procedure, provides in part that a court "may relieve a party * * * from a final judgment * * * for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.03 [within 15 days after a general verdict]."

Under the plain language of the rule, Larson is clearly not entitled to relief on the basis of newly discovered evidence, since the record irrebuttably establishes not only that the alleged newly discovered evidence—the witness' testimony—could have been discovered in time for the making of a motion for a new trial, but furthermore, that such evidence was available and known to Larson during the trial. The judge granted Larson a 1-day continuance during the middle of the trial expressly so that he might secure the witness' attendance for the purpose of testifying that Gruenhagen knew the automobiles were stolen.

Larson's claim for relief on this ground is without merit for the additional reason that case law has established that in order for relief to be granted where there is newly discovered evidence, such evidence must not be merely collateral, impeaching, or cumulative, but rather, must be such as to have a probable effect upon the result of a new trial, and this determination is within the trial judge's discretion.[1] The proffered newly discovered evidence set forth in the witness' affidavit fails this test in that in probative value it merely duplicates the trial testimony

---

[1] See, State v. Smith, 221 Minn. 359, 22 N. W. 2d 318 (1946); State v. Nelson, 91 Minn. 143, 97 N. W. 652 (1903); State v. Mohrbacher, 173 Minn. 567, 218 N. W. 112 (1928); State v. Mastrian, 285 Minn. 51, 171 N. W. 2d 695 (1969), certiorari denied, 397 U. S. 1049, 90 S. Ct. 1381, 25 L. ed. 2d 662 (1970).

of other witnesses as to Gruenhagen's purported knowledge that the automobiles were in fact stolen.

■ Rule 60.02, Rules of Civil Procedure, also provides relief from judgment for "(6) any other reason justifying relief from the operation of the judgment." Larson asserts under this rule that justice would be thwarted by a refusal to decide his tardily-raised assignment of error because, as an unlearned layman conducting his own defense, he could hardly be expected to have made technical objections to the admissibility of evidence introduced by opposing counsel at trial.

This argument is rejected for two reasons. First, where a defendant voluntarily chooses to represent himself, ignoring the advice of appointed counsel and failing to request the assistance of other counsel, he should not be permitted, once his defense proves unsuccessful, to insist that the courts should modify their ordinary rules and procedures because he lacked the skills and knowledge of an attorney. In other words, having deliberately made his decision to appear pro se, Larson should not be relieved of any of the consequences of that decision. Secondly, Larson did have the assistance of counsel at the time his motion for relief from the judgment was presented. That motion was premised solely on the claim of newly discovered evidence and did not refer to the other alleged errors which Larson raises on this appeal.

Finally, we note that even if these issues were properly before this court, they appear to be without merit.

Affirmed.