Rhonda SAUTER, individually, as Personal Representative of the Estate of Glenn Sauter, and as parent and next friend of Stephanie Ann Sauter, Appellant,

v.

J.P. WASEMILLER, M.D., et al., St. Francis Hospital, Respondents.

No. C8–84–773.

Court of Appeals of Minnesota.

March 26, 1985.

Dennis E. Johnson, Bagley, Robert Vogel, Grand Forks, N.D., for Rhonda Sauter, individually, as Personal Representative of the Estate of Glenn Sauter, and as parent and next friend of Stephanie Ann Sauter.

Jane C. Heinley, Fargo, N.D., for J.P. Wasemiller, M.D., et al.

Gunder Gunhus, Moorhead, for St. Francis Hosp.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

FOLEY, Judge.

Rhonda Sauter and her daughter Stephanie Sauter brought this action against defendants J.P. Wasemiller, M.D., St. Francis Hospital and Wahpeton Clinic alleging medical malpractice in the delivery of Stephanie by Caesarean section. Rhonda and Stephanie Sauter appeal from the judgment entered for the defendants. We affirm.

## FACTS

Defendant Wasemiller is a physician and surgeon from Wahpeton, North Dakota who also practices in Minnesota. He cared for plaintiff Rhonda Sauter until she gave birth to plaintiff Stephanie Sauter. Stephanie has suffered severe brain damage since birth. Plaintiffs attempted to prove at trial that defendants provided negligent treatment and care for both mother and child at the time of birth, causing Stephanie's neurological problems.

The jury returned a special verdict finding none of the defendants was negligent. Without making a motion for a new trial, plaintiffs appealed from the judgment incorporating the jury's verdict. They now raise eight alleged trial court errors, all involving jury instructions and evidentiary matters.

## ISSUE

Does plaintiff's failure to move for a new trial preclude appellate review of alleged errors occurring at trial?

## ANALYSIS

██ Before adoption of the rules of civil appellate procedure the scope of review in cases where a party appealed from a judgment without making a motion for a new trial was limited. In general, the only questions the court considered were whether the evidence was sufficient to support the trial court's findings and whether the findings supported its conclusions of law. *See, e.g., Kedrowski v. Czech,* 244 Minn. 111, 69 N.W.2d 337 (1955). This rule derived from statutes governing the supreme

court's scope of review. *See* Minn.Stat. §§ 605.05 and 605.09 (1945). *See also* 3 Minn. Practice, Hetland and Adamson, 332–34 (West 1970). While early formulations of the rules governing scope of review varied,[1] the appellate courts have repeatedly followed this rule.[2]

This court's scope of review is now governed by Minn.R.Civ.App.P. 103.04:

> The appellate courts may reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require.
>
> On appeal from or review of an order the appellate courts may review any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment. They may review any other matter as the interest of justice may require.

The adoption of rule 103.04 apparently has not affected the former rule. Hetland and Adamson observe:

> Despite the very broad language of Appellate Rule 103.04(2), the Supreme Court has continued to adhere to the old caselaw restricting scope of review, holding that upon an appeal from a judgment, matters involving trial procedure and evidentiary rulings, objections to instructions and the like are not subject to review unless there was a motion for a new trial in which such matters were assigned as error.

3 J. Hetland and O. Adamson, Minn. Practice 54 (Supp.1983).

**1.** 3 Minn. Practice 332–34. *See e.g., De Blois v. Great Northern Railway,* 71 Minn. 45, 73 N.W. 637, 639 (1898) (holding the court could review alleged errors in evidentiary rulings so long as a motion for judgment n.o.v. had been made); *Le Mieux v. Cosgrove,* 155 Minn. 353, 193 N.W. 586 (1923) (the court would not consider the sufficiency of evidence to support a jury verdict absent a motion for a new trial.)

**2.** *See, e.g., Tonka Tours, Inc. v. Chadima,* 354 N.W.2d 519 (Minn.Ct.App.1985); *Hartman v. Blandings, Inc.,* 288 Minn. 415, 181 N.W.2d 466 (1970); *Kedrowski v. Czech,* 244 Minn. 111, 69 N.W.2d 337 (1955); *Wendelsdorf v. Martin County,* 220 Minn. 614, 20 N.W.2d 528 (1945);

■ Appellants argue that we may nonetheless review trial procedure issues because they timely objected at trial to the district court's rulings.[3] Appellants claim they find support in *Le May v. Minneapolis Street Railway,* 245 Minn. 192, 71 N.W.2d 826 (1955), but there the court stated:

> While our decisions are not uniform as to what may be reviewed on an appeal from a judgment where there has been no motion for a new trial, we have decided to review the assigned errors in this case inasmuch as we believe that, even by so doing, the result will be the same as if we did not make the review.

*Id.* at 198, 71 N.W.2d at 830. *LeMay* thus can not help any appellant. Not surprisingly, no courts since have followed this language since it permits review only when review results in an affirmance.

Appellants also rely on *Gruenhagen v. Larson,* 310 Minn. 454, 246 N.W.2d 565 (1976), but that reliance is misplaced. The basic principle recited in *Gruenhagen* differs from a rule providing that an objection at trial is enough to secure review. *Gruenhagen* states:

> Equally well established is the rule that on appeal from a judgment where there has been no motion for a new trial the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment.

*Id.* at 458, 246 N.W.2d at 569.

■ Since the trial court had already passed on each of the issues appellants

*Oxborough v. Murphy Transfer & Storage Co.,* 194 Minn. 335, 260 N.W. 305 (1935); *Nye v. Karlow,* 98 Minn. 81, 107 N.W. 733 (1906).

**3.** Appellants do not claim the jury instructions were fundamental errors of law, a claim which if correct allows an appellate court to consider issues not raised during trial. Minn.R.Civ.P. 51 ("An error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court.") *See e.g., Coble v. Lacey,* 252 Minn. 423, 90 N.W.2d 314 (1958). *Cf. Fallin v. Maplewood-North St. Paul District No. 622,* 362 N.W.2d 318 (Minn.1985).

raise on appeal, appellants argue that a motion for a new trial would be a futile gesture which would serve no purpose. We do not agree. Motions for a new trial under Minn.R.Civ.P. 59.01 "permit the correction of errors by the trial court before automatically incurring the expense and inconvenience associated with an appeal." *Pierce v. National Farmers Union Property,* 351 N.W.2d 366, 368 (Minn.Ct.App. 1984). The court directly overseeing a trial should have the opportunity to exercise its discretion to grant or deny a new trial. *Phelan v. Carey,* 222 Minn. 1, 23 N.W.2d 10 (1946); *Brooks Realty, Inc. v. Aetna Insurance Co.,* 276 Minn. 245, 149 N.W.2d 494 (1967). That power rests with the trial court, and not with litigants who may presume to know how it will be exercised.

At oral argument appellants' counsel stated they did not challenge the sufficiency of the evidence, nor the adequacy of the findings to support the conclusions of law. Since those are the only matters reviewable in this appeal, we have no further questions before us.

## DECISION

We will not review errors occurring at trial that are not the subject of a motion for a new trial. The trial court's decision is affirmed.