The FIRST AMERICAN NATIONAL
BANK OF ST. CLOUD,
Respondent,

v.

Sylvester J. HOMMERDING, et
al., Appellants.

No. C6–85–1642.

Court of Appeals of Minnesota.

Feb. 11, 1986.
Review Denied April 11, 1986.

Jean M. Didier, St. Cloud, for respondent,

Sylvester J. Hommerding, pro se.

Considered and decided by WOZNIAK, P.J., and FORSBERG, and NIERENGARTEN, J. with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal by Sylvester and Marion Hommerding from a judgment entered against them on a directed verdict in a replevin action brought by First American National Bank of St. Cloud. Appellants contend the trial court erred when it (1) refused to assign a different judge to the case, (2) entered a directed verdict for respondents, and (3) dismissed appellants' affirmative defenses and counterclaims. We affirm.

## FACTS

This lawsuit was originated in July, 1984, by First American National Bank of St. Cloud as an action for possession of crops and equipment of appellants. The Hommerdings borrowed from the bank to finance their farming operation, pledging their crops and equipment as collateral. Appellants defaulted in their payments on these notes.

In July 1982 the Hommerdings filed for relief under Chapter 11 of the U.S. Bankruptcy Code, which was dismissed in July 1984. The bank then commenced this action. Appellants argued that the U.S. banking system was unconstitutional, among other claims and defenses.

The court ordered seizure and sale of the property on July 18, 1984. Following the seizure, appellants filed a counterclaim arguing that property other than theirs was taken. After various amendments, claims and counterclaims, respondent settled the dispute with the other parties, the Hommerdings' son and daughter-in-law.

In January 1985, the court tentatively scheduled a trial for May 7, 1985. In February 1985, appellants named numerous additional people as third-party defendants. The trial court dismissed these parties.

Following several pre-trial hearings the trial court dismissed appellants' affirmative defenses and all but one counterclaim. After several attempts at settlement, the case was tried before a jury on May 7, 1985. The trial court ordered a directed verdict and entered judgment on May 29, 1985.

On May 6, 1985, one day prior to trial, appellants filed an affidavit of prejudice with the court to remove the trial court judge. The trial court denied the removal request. Appellants did not move for a new trial, but appeal from the judgment against them. Respondent moved for dismissal of this appeal on October 10, 1985. This court deferred its decision on the motion to dismiss with an October 22 order.

## ISSUES

1. Did the trial court err in refusing to assign a different judge?

2. Did the trial court err in directing a verdict for respondent?

3. Did the trial court err in dismissing appellants' affirmative defenses and counterclaims?

## ANALYSIS

1. Appellants filed an affidavit of prejudice on May 6, 1985, one day prior to trial. The affidavit alleged bias based on "irregularities" and "misapplied data" in orders dismissing appellants' defenses, counterclaims and third-party complaints. They contend the trial court erred by not assigning a different judge to the case.

Minn.R.Civ.P. 63.03 provides that, in a district with more than one judge, any party may obtain a reassignment of judges upon filing an affidavit of prejudice within one day after the presiding judge has been ascertained. An affidavit of prejudice may be treated as a notice of removal, *Lappi v. Lappi,* 294 N.W.2d 312, 314 (Minn.1980), to which the same time limitation applies. Minn.Stat. § 542.16, subd. 1 (1984). Appellants received a notice of jury trial on February 26, 1985, including notice of the trial. judge assigned.

■ If the affidavit had been timely filed, reassignment of the case would have been required. Minn.Stat. § 542.16, subd. 1; Minn.R.Civ.P. 63.03. If the affidavit had shown bias, or "irregularities" establishing bias, recusal would have been required. Minn.R.Civ.P. 63.02. However, since the affidavit was untimely, and failed to establish prejudice, the trial judge did not err in failing to remove himself.

2. Appellants also argue that the trial court erred in granting a directed verdict in favor of respondent.

■ In *Midland National Bank v. Perranoski*, 299 N.W.2d 404, 409 (Minn.1980), the supreme court stated:

> A motion for a directed verdict presents a question of law regarding the sufficiency of the evidence to raise a fact question for the jury's decision.

On appeal, the reviewing trial court must apply the same standard as the trial court which granted the directed verdict. *Advanced Training Systems v. Caswell Equipment Co.*, 352 N.W.2d 1, 11–12 (Minn.1984). That standard is as follows:

> The trial court should grant the motion only when it would clearly be its duty to set aside a contrary verdict as manifestly against the evidence or when such a verdict would not comply with applicable law.

*Id.* at 12 (citation omitted).

In this case, the only issue at trial was the amount of money appellants owed the bank. The judgment awarded respondent $87,377.91. Appellants contend the amount owed was in the range of $40,000.

■ There is nothing in the record to support appellants' position. Michael J. Leonard, the bank's vice president, testified about the loan transactions. Appellants did not order a complete transcript of his testimony, so there is nothing for this court to review. Appellants' rebuttal to Leonard's testimony contains nothing relevant to dispute the bank's claim.

Since a verdict for appellants would have been manifestly against the evidence, the trial court did not err in directing a verdict for respondent.

■ 3. Appellants argue that the method of voir dire prevented them from having a jury of their peers. Since appellants did not move for a new trial, we need not consider this issue. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). Moreover, this issue is moot since the trial ended with a directed verdict.

On appeal from a judgment where there has not been a motion for a new trial, an appellate court can only review "[w]hether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and the judgment." *Id.* The rationale behind this limited scope of review is to permit the trial court to correct any errors before the parties incur the time and expense of an appeal. *Pierce v. National Farmers Union Property & Casualty Co.*, 351 N.W.2d 366, 368 (Minn.Ct. App.1984).

Appellants contend that the trial court erred in dismissing their counterclaims and affirmative defenses before trial. We note that the trial court attempted to assist appellants in framing their claims and defenses because the pleadings and statements of the case were confusing and disorganized. However, appellants consistently failed either to present a legal cause of action or defense, or to present any evidence to support them.

## DECISION

We affirm the trial court on all issues.

Affirmed.