**HOME MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Roger CHICOS, et al., David Shadow, et al., Respondents.**

**No. C7–86–557.**

Court of Appeals of Minnesota.

Oct. 7, 1986.

Review Denied Nov. 19, 1986.

William J. Baudler, Baudler, Baudler & Maus, Austin, for appellant.

Brian L. Weber, Dodge Center, for Roger Chicos.

Joseph J. Wieners, Kasson, for David Shadow.

Heard, considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ.

## OPINION

PARKER, Judge.

Home Mutual Insurance Co. appeals from a judgment entered against it in a declaratory judgment action. The trial court determined that the automobile liability insurance policy Home Mutual issued to Roger Chicos provided coverage for injuries sustained by David Shadow while he was assisting the Chicoses and that the employer-employee exemption of the policy was inapplicable. We affirm.

## FACTS

Respondent David Shadow and David Chicos are long-time friends and have long "exchanged favors." When Shadow did not have work with his regular employer (Lester, Inc.), he sometimes helped David Chicos with his chores on the Chicos farm. This work was usually done gratuitously, although Shadow at one time received pay for his farm work during a layoff from Lester from mid-March to April 15, 1983, when he was recalled to work at Lester.

On April 18, 1983, Lester told Shadow not to report to work. He went to the Chicos farm to work on his pickup truck, as he and David Chicos shared an interest in working on vehicles and often worked on them at the farm. Chicos was about to pick up some animal food at Dodge Center, and he asked Shadow to drive a second truck into town to help. Shadow returned to the farm before Chicos because Chicos' truck ran out of gas. Chicos called and asked Shadow to bring him some gas, and it was while Shadow was putting the gas into Chicos' truck that the accident occurred and Shadow was injured.

Shadow and his wife, Denise Shadow, brought a personal injury action against David Chicos and his father, Roger Chicos, the owner of the truck. The Chicoses had two automobile liability policies with Home Mutual, which brought a declaratory judgment action to determine coverage. Home Mutual claimed that the accident occurred in the course of employment and that it was not liable under the employment clause of the policy. The exemption in the policy reads:

> This insurance does not apply * * * to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured or to any obligation to the insured or to another because of damages arising out of such injury.

The trial court found that this clause did not exclude coverage of Shadow's injuries.

## ISSUE

Does the evidence support the trial court's finding that David Shadow was not acting as an employee of either David or Roger Chicos at the time of the accident?

## DISCUSSION

■ On appeal from a judgment and absent a motion for a new trial, the only questions for review are whether the evidence sustains the findings and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

■ Shadow testified that he did not expect pay for the work he did on April 18, nor did Chicos expect to pay him for this work. He was not, in fact, paid. The long history of their relationship prior to the one month of employment was entirely consistent with his activities as he described them on the day of the accident. This evidence is adequate to support the trial court's finding that Shadow's work on the Chicos farm on April 18 was done gratuitously.

A trial court's findings will not be disturbed unless they are clearly erroneous.

Minn.R.Civ.P. 52.01; *Griffin v. Van Griffin,* 267 N.W.2d 733, 735 (Minn.1978). When examining the record, we must view the evidence in the light most favorable to the court's findings. *Hansen v. Hansen,* 284 Minn. 1, 169 N.W.2d 12, 15 (1969); *Rinker v. Rinker,* 358 N.W.2d 165, 167 (Minn.Ct.App.1984).

We hold that the evidence in this case supports the trial court's findings and conclusions and that those findings are not clearly erroneous.

### DECISION

Affirmed.