HAMLINE HOUSE
ASSOCIATION, Appellant,

v.

Marcel EIBENSTEINER, Respondent.

No. C3-86-1298.

Court of Appeals of Minnesota.

March 31, 1987.

Clyde C. Ahlquist, Peterson, Franke & Riach, P.A., Roseville, for appellant.

James F. Finley, James F. Finley & Associates, P.A., New Brighton, for respondent.

Heard, considered and decided by PARKER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Appellant Hamline House Condominiums (the Association) commenced this action in conciliation court to recover fines assessed by it against respondent, Marcel Eibensteiner, for alleged violations of the Association's rules and regulations. After an unsuccessful conciliation court verdict, appellant removed the action to Ramsey County Municipal Court, which dismissed the action. The Association appeals from the judgment. We affirm.

## FACTS

Respondent Eibensteiner is the owner of Hamline House Condominium unit 119, a one-bedroom condominium. On May 4, 1985, respondent rented the unit to Janice Bina, her husband, and their three children. The family occupied the condo for 71 days while their new home was being constructed. Appellant Association placed respondent on notice that he was violating the Association's primary documents which provided:

> No more than three persons shall be permitted to be *permanent* residents of a one-bedroom unit.

(Emphasis added). The Association then sent a letter to respondent informing him that a hearing would be held on the matter and that the Association was empowered to levy a fine or to seek injunctive relief for a violation of its rules and regulations. On May 16, 1985, a hearing was held. Respondent did not attend. Appellant levied a $500.00 fine against respondent, and imposed a $200.00 fine per week until the Binas vacated the condo. On July 11, 1985, respondent was served with a summons and complaint for injunctive relief. The Bina family left the premises on August 3rd. Appellant then dismissed the injunction and commenced this action in conciliation court for the amount of fines assessed respondent. The fines totaled $2,300, but appellant was limited to suing for $2,000, the jurisdictional amount of conciliation court. Respondent prevailed in conciliation court, and appellant then removed the ac-

tion to Ramsey County Municipal Court. Appellant moved the court to allow it to amend its complaint to seek the full amount of fines, attorney's fees, costs and disbursements.

In its findings of fact, the trial court found:

that respondent rented his apartment to Janice Bina and her family; that the Bina family resided in the apartment on a temporary basis—remaining only 71 days; that the residency was not permanent within the meaning of the Hamline House Condominium Primary Documents Article VI, Paragraph 2; that respondent did not violate the Primary Documents; and that appellant had failed to prove any actual damages.

The trial court ruled that appellant was not entitled to judgment as a matter of law, and dismissed its complaint. Appellant then moved the court to amend its complaint to conform with the evidence presented at trial, claiming that the evidence revealed another violation of its rules, to-wit, a provision prohibiting an owner from renting a unit for a period of less than 90 days. The court did not rule on the motions to amend.

Appellant did not move for a new trial, but appeals from the judgment dismissing its complaint with prejudice.

### ISSUES

1. Did the trial court err in ruling that appellant did not have a cause of action against respondent?

2. Did the trial court err in failing to rule on appellant's motions to amend its complaint?

### ANALYSIS

The Association is governed by the Uniform Condominium Act, set forth at Minn.Stat. §§ 515A.1–101 to .4–117 (1984). The Act allows the Association to

impose charges for late payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines for violations of the declarations, bylaws,

and rules and regulations of the association.

Minn.Stat. § 515A.3–102(a)(11).

Section 515A.1–114 provides:

(a) The remedies provided by sections 515A.1–101 to 515A.4–117 shall be liberally administered to the end that the aggrieved party is put in as good of a position as though the other party had fully performed, provided that rights of bona fide purchasers shall be protected. However, consequential, special, or punitive damages may not be awarded except as specifically provided in sections 515A.1–101 to 515A.4–117 or by other rule of law.

*Id.*

Appellant argues that the trial court erred in dismissing the action based on the failure of the Association to prove any actual damages. Appellant argues that it did not have to prove actual damages because it is allowed to levy reasonable fines pursuant to Minn.Stat. § 515A.3–102. Although we agree that appellant did not have to prove actual damages, the trial court ruled that respondent *did not violate* the Association's rules regarding occupancy limits, thus appellant had no grounds for imposing the fine in the first instance.

#### 1. Temporary Residents

■ Appellant made no post-trial motions, therefore, the applicable scope of review is limited to ascertaining whether the evidence sustains the findings of fact, and whether the findings sustain the conclusions of law and judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). At trial, Mrs. Bina testified that they were temporary residents, remaining only until their new home was completed. They left the complex after 71 days. Thus, it was not error for the trial court to find that the Binas were temporary residents, and to dismiss the action.

#### 2. Motions to Amend

Appellant claims that the trial court erred in failing to rule on its motions to seek additional relief and to conform to the evidence. Since the scope of review is lim-

ited, it is questionable whether appellant may argue this issue on appeal. Even assuming that appellant may argue this issue, however, we hold that the trial court did not commit error.

Appellant argues that it has additional claims against respondent because he rented his condo for a term less than 90 days. Nevertheless, under § 515A.3–102 (a)(11), appellant may only levy a reasonable fine after notice and an opportunity to be heard. Appellant never gave notice to respondent that he was violating this particular rule. Thus, respondent did not have notice or an opportunity to be heard. Since appellant had no cause of action, the trial court need not have ruled on the motion to amend its complaint to seek additional relief. Thus, any error in declining to rule on the motions was harmless.

## DECISION

We affirm the decision of the trial court.