SOUTHVIEW GREENS CONDOMINIUM ASSOCIATION, Appellant,

v.

John T. FINLEY, Respondent.

No. CO-87-720.

Court of Appeals of Minnesota.

Oct. 13, 1987.

Jeffrey C. Appelquist, Fabyanske, Svoboda, Westra, Holper & Davis, P.A., St. Paul, for appellant.

John T. Finley, St. Paul, pro se.

Heard, considered and decided by FOLEY, P.J., and SEDGWICK and STONE *, JJ.

## OPINION

FOLEY, Judge.

This action was first brought in conciliation court to recover unpaid assessments, interest and attorney fees from respondent John T. Finley. When the conciliation court ruled against appellant Southview Greens Condominium Association, it appealed to municipal court. Finding the assessments were levied by the Board, not

the Association, and that respondent never received notice of the assessments levied against his unit, the court held respondent was not liable to appellant for the assessments. On appeal, appellant claims although respondent received no formal notice of the assessments levied, he had notice by virtue of his intelligence, sophistication and receipt of delinquency letters. We affirm.

## FACTS

Appellant is a condominium association organized under the Minnesota Uniform Condominium Act. Minn.Stat. § 515A.3–101 (1982). Appellant filed its bylaws with the Secretary of State on June 1, 1983, and recorded the same with the Dakota County Recorder on July 28, 1983.

At trial, respondent stipulated he owned one of appellant's condominiums from August 1, 1983, through July 31, 1985. Respondent testified he never received notice of an association meeting, a copy of the annual report, or a notice of the levy of assessments. Respondent did admit he received two letters from appellant's attorney indicating he was delinquent in payment of his assessments.

Appellant's financial officer testified that the Board of Directors, not the Association, levied assessments for 1985. The financial officer also testified that the monthly assessment charged to respondent's unit from August 1984 through July 1985 was $152 per month.

Appellant claims respondent owes it $1,964 plus costs, disbursements, interest and reasonable attorney fees.

## ISSUES

1. Did the trial court err by determining that respondent is not liable for the assessments levied?

2. Is respondent entitled to attorney fees and costs?

## ANALYSIS

■ 1. On appeal from a judgment where there has been no motion for a new

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

trial, the only questions for review are whether the evidence sustains the findings of fact and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). Findings of fact will not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Minn.R. Civ.P. 52.01.

The Uniform Condominium Act, Minn. Stat. §§ 515A.1–101–.4–118, applies to all condominiums created in Minnesota after August 1, 1980. Minn.Stat. § 515A.1–102(b). The Act provides the "association" consists exclusively of all condominium unit owners. Minn.Stat. § 515A.3–101. The Association is governed by the provisions of the declaration and bylaws. Minn. Stat. §§ 515A.2–105 and 515A.3–106.

Appellant's declaration and bylaws provide for annual meetings, annual reports, notice of meetings and levy of assessments as follows:

### ARTICLE III

### MEMBERSHIP MEETINGS

*BY–LAW 2. Annual Meetings.* * * the annual meeting of the Association shall be held on the same day of the same month of each year as the first annual meeting * * *.

*BY–LAW 3. Annual Report.* An annual report shall be prepared by the Association. A copy of said annual report shall be provided to each Owner * * *.

*BY–LAW 6. Notice of Meetings. Written notice of each meeting of the Association,* stating the time, place and complete agenda thereof, *shall be sent* by the Secretary, by United States mail, postage prepaid, *to all Owners of record,* at the address of the respective Units and to such other addresses as any of the Owners may have designated in writing to the Secretary * * * Such notices shall be mailed by the Secretary at least twenty-one (21) days in advance of the Annual Meeting, and at least seven (7) days in advance of a special meeting.

(Emphasis added.) Appellant's declaration provides, in part:

13. *Assessments. The Association is hereby authorized to levy annual and special assessments against the Units to defray the Common Expenses* of the Project. * * * Assessments shall be subject to the following:

A. *Share of Common Expenses.* Each Owner, including Declarant, shall be liable for a proportionate share of the Common Expenses * * *.

B. *Special Assessments.* All Owners are also obligated to pay *special assessments levied by the Board to fund operating deficits and unforeseen expenses and costs* arising out of any situation the Board determines to be an emergency.

(Emphasis added.)

Appellant's declaration clearly authorizes the *Association* to levy assessments against unit owners for common expenses. However, the Board of Directors only has the authority to levy special assessments to fund operating deficits and unforeseen expenses, not for common expenses, as appellant asserts.

Appellant argues that Minn.Stat. § 515A.4–102(d) does not require it to provide respondent with notice of its annual meeting or an opportunity to be heard. The statute states the disclosure statement provided to condominium purchasers shall contain, among other things, a copy of the Association's declaration and bylaws. *Id.* Here, however, respondent is not arguing that he did not receive the declaration and bylaws, but that appellant failed to follow the provisions of its own declaration and bylaws.

Appellant also argues whether or not respondent received formal written notice of the assessments levied is irrelevant. It is appellant's position that respondent, by virtue of his intelligence, sophistication, receipt of disclosure statement replete with references to assessments for common expenses, and receipt of delinquency letters for common expenses, had notice that he would be obligated to pay assessments as part of his responsibilities as a condominium unit owner.

Finally, appellant argues affirming the trial court would have dramatic public policy implications for condominium associations throughout the State of Minnesota because of the time and money required to ensure with absolute certainty that each unit owner receives notice that s/he is required to pay the assessments levied. We find appellant's arguments are without merit.

■ In affirming the trial court's decision we merely hold condominium associations answerable to their bylaws and declarations. Here, appellant's bylaws and declaration clearly provide unit owners are entitled to notice of annual meetings. The trial court found no such notice was ever sent to respondent. As a result, respondent was denied his opportunity to be heard. The bylaws and declaration also provide assessments for common expenses will be levied by the *Association,* not the *Board of Directors.* Here, the trial court found the assessments were levied by the Board of Directors.

We find the trial court's findings of fact are not clearly erroneous. The trial court properly found respondent is not liable for the assessments levied against his unit nor for attorney fees.

### DECISION

Affirmed.