**Patrick G. O'KRONGLIS, Appellant,**

v.

**Ardell BROBERG, individually and d/b/a Kingsway Homes, Inc., Respondent.**

No. C3–89–1932.

Court of Appeals of Minnesota.

June 19, 1990.

Leslie E. Beiers, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Ardell Broberg, Carlton, pro se.

Considered and decided by FOLEY, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Patrick G. O'Kronglis commenced an action against respondent Ardell Broberg in Carlton County Conciliation Court for unpaid wages. He was awarded unpaid wages of $300.00 and a wage penalty of $1,200.00. On appeal, the district court awarded him unpaid wages of $250.00, but did not award a wage penalty because the court found he had not been discharged and, therefore, Minn.Stat. § 181.13 (1988) did not apply. He appeals.

## FACTS

Appellant worked for respondent, a general contractor doing business as Kingsway Homes, Inc., for four days. Respondent hired appellant on a "try out" basis, and although the parties discussed wages, they did not agree on an exact hourly wage. Appellant did not fill out a time card, but the district court found he worked 38 hours. After finishing the job, appellant requested payment for the work he had performed. Respondent refused to pay more than $50.00 which he felt was adequate compensation for the quality of work performed.

The district court awarded appellant unpaid wages, but refused to award a wage penalty under Minn.Stat. § 181.13. The court did not discuss the applicability of Minn.Stat. § 181.14. Appellant alleges the court erred in failing to award him a wage penalty and costs of the suit under Minn. Stat. § 181.14.

## ANALYSIS

Appellant did not make a motion for a new trial. Therefore, the only issues on appeal are whether the evidence sustains the findings of fact, and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976). A trial court's findings of fact will not be

reversed unless they are clearly erroneous and this court "is left with a definite and firm conviction that a mistake has been made." *Carstedt v. Grindeland*, 306 N.W.2d 105, 109 (Minn.1981).

Minn.Stat. § 181.13 provides for payment of unpaid wages and a wage penalty when the employer discharges the employee. The district court found that the parties had mutually agreed to terminate their employer/employee relationship, and that appellant had not been discharged. Minn. Stat. § 181.13, therefore, does not apply since appellant was not discharged.

Minn.Stat. § 181.14 (1988) states in relevant part:

> When any such employee, not having a contract for a definite period of service, *quits or resigns* employment, the wages or commissions earned and unpaid at the time the employee quits or resigns shall become due and payable within five days thereafter. Any employer failing or refusing to pay such wages or commissions, after they become due, upon the demand of the employee, shall be liable to the employee from the date of the demand for an additional sum equal to the amount of the employee's average daily earnings provided in the contract of employment, for every day, not exceeding 15 days in all, until such payment or other settlement satisfactory to the employee is made. * * * If the employer disputes the amount of wages * * * and the employer makes a legal tender of the amount which the employer in good faith claims to be due, the employer shall not be liable for any sum greater than the amount so tendered and interest thereon at the legal rate, unless, in an action brought in a court having jurisdiction, the employee recovers a greater sum than the amount so tendered with interest thereon * * *.

(emphasis added).

We conclude that where the parties mutually agree to terminate their employer/employee relationship, the agreement of the employee to terminate is a resignation within the meaning and purview of Minn. Stat. § 181.14. The purpose of this legislation is to ensure that employees are promptly paid wages that are due for work performed regardless of how or why the relationship is terminated. Appellant is entitled to recover a wage penalty as well as an award for unpaid wages.

Minn.Stat. § 181.14 also provides for payment of costs of the suit when an employee recovers more in a court action than was tendered by the employer. Respondent paid appellant $50.00 prior to commencement of this action in which appellant recovered $250.00 for unpaid wages. Appellant, therefore, is entitled to the cost of the suit. This amount includes "all out-of-pocket expenses reasonably incurred by prosecuting or defending the action not including attorney fees." *Anderson v. Medtronic, Inc.*, 382 N.W.2d 512, 516 (Minn.1986).

We affirm the district court's award of $250.00 unpaid wages. We reverse the district court's denial of a wage penalty and remand with instructions to award a wage penalty of $937.00 [$6.57 (average hourly wage as determined by the trial court) × 9.5 (average hours worked per day) × 15], and award the cost of the suit.

Affirmed in part, reversed in part and remanded.