Marcelle WILLIAMS, et al., Appellants,

v.

Kathleen BOSWELL, Respondent,

Wayne Boswell, Defendant.

No. C6-89-144.

Court of Appeals of Minnesota.

Sept. 5, 1989.

Review Denied Oct. 31, 1989.

Ronald S. Kalina, Paul A. Thompson, Kalina, Wills & Woods, Columbia Heights, for appellants.

Jeffrey M. Baill, Wasserman & Baill, Minneapolis, for respondent.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

SCHUMACHER, Judge.

Appellants each executed a lease whereby they leased a taxicab owned by respondent Amalgamated Transportation Industries, Inc. (Amalgamated). The taxicab was damaged in an accident and appellants brought an action seeking damages for loss of use while it was being repaired. The district court denied appellants' recovery.

## FACTS

On January 1, 1987, Amalgamated executed three separate documents each entitled, "Taxicab Joint Venture Agreement" (agreement), pursuant to Minneapolis Code of Ordinances § 341.695. Appellants Samuel Williams, Lawrence Williams and Marcelle Williams each executed an agreement. Each agreement consisted of two integrated sections, the main body containing the recitals, called the "Master Lease," and the final page of the agreement, entitled "Lease Terms." The agreement required Amalgamated to carry public liability and property damage insurance. Amalgamated also held the taxicab license issued by the City of Minneapolis.

Appellants, as licensed taxicab drivers, operated the leased vehicle, Rainbow Taxi #172, for commercial purposes. The agreement provided that appellants were free from control by Amalgamated during the lease term. Appellants were not required to keep the taxicab in any particular place nor operate it for any minimum number of hours during the lease term. All income generated by use of the taxicab belonged solely to the appellants.

On May 13, 1987, the taxicab was parked in front of appellants' home when it was struck by respondent's vehicle. The taxicab was damaged and inoperable for two days. Respondent admitted liability and her insurer settled with Amalgamated.

Appellants brought the present action in conciliation court for "tortious interruption of business and loss of use of a commercial vehicle," seeking their lost profits. The parties stipulated to the damages. The referee found against appellants, and on

trial de novo in district court, the trial court found that appellants had no ownership rights in the damaged taxicab, and therefore denied recovery.

## ISSUE

May a lessee recover for the loss of use of a leased taxicab where the lease gives exclusive control of the taxicab to lessee?

## ANALYSIS

Appellants did not move for a new trial nor amended findings. The issue before this court is whether the evidence supports the findings of fact and whether the findings support the conclusions of law. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

Appellants argue that they as lessees have the sole right to use Rainbow Taxi # 172, and that therefore they should be allowed to recover for the loss of use of the taxicab as a result of the accident. To support their claim of an exclusive right to use the taxicab, appellants rely on paragraph 7.b. of the agreement which reads as follows:

Lessee is at all times free from the right of control and direction of Lessor in the operation of the taxicab *during the term of this lease* and Lessor shall not exercise or attempt to exercise any supervision over the service performed by Lessee.

(emphasis added).

The lease provides under "Lease Terms," that "This agreement is continuing from the date of execution and may be canceled by Lessor or Lessee upon one weeks written notification."

It follows, therefore, that lessee will have the use and possession of the taxicab until one of the parties terminates the lease. Clearly, the accident happened during the term of the lease.

Appellants argue that "[o]wnership of an item of property carries with it the right to use, or to control the use of, that item of property" quoting 22 Am.Jur.2d Damages § 152 (1965), and, therefore, their exclusive right to use the taxicab gives them an ownership interest in the taxicab.

The law is well settled, that an owner of a commercial vehicle may recover for damages for loss of use of that vehicle while it is being repaired. *Kopischke v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co.*, 230 Minn. 23, 32–33, 40 N.W.2d 834, 839 (1950). Recovery for lost use has been extended to lessees in some jurisdictions. In *Koninklijke Luchtvaart Maatschaapij, N.V. (K.L.M. Royal Dutch Airlines) v. United Technologies Corp.*, 610 F.2d 1052 (2nd Cir.1979), the circuit court permitted recovery by the Royal Dutch Airline for loss of use of a leased airplane while it was repaired following an explosion. Also, the Missouri Court of Appeals held that after the roof of an arena collapsed preventing its use, the tenants that had contracted to use it could recover damages for the negligent interference with the tenants' right to use a leasehold if the tenants could prove they were entitled to exclusive possession. *Chubb Group of Insurance Companies v. C.F. Murphy and Associates, Inc.*, 656 S.W.2d 766, 778 (Mo.Ct.App.1983). We find this authority persuasive.

## DECISION

We hold that appellants had exclusive control and possession of the taxicab and therefore may recover damages arising from loss of use.

Reversed and remanded with instructions to the trial court to enter judgment for appellants in the amount of the stipulated damages.