Joseph HERZIG, Respondent,

v.

Gloria LARSON–SAWCHAK, Appellant,

John Sawchak, Defendant.

No. C2–90–1345.

Court of Appeals of Minnesota.

Jan. 15, 1991.

R.D. Blanchard, Laura J. Hanson, Meagher & Geer, Jeffrey M. Baill, Wasserman & Baill, Minneapolis, for appellant.

Mitchell R. Hadler, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and NORTON and SHORT, JJ.

## OPINION

NORTON, Judge.

The trial court concluded that Joseph Herzig (Herzig) was entitled to recover damages for the lost use of his leased taxicab. Gloria Larson–Sawchak and John Sawchak (Sawchaks) appeal, challenging Herzig's entitlement to damages. We reverse.

## FACTS

Herzig entered into a lease agreement with East Lake Auto on February 10, 1987. Under the agreement, Herzig was to pay East Lake Auto $45 a shift for the use of a taxicab. Herzig's shift was from 4:00 a.m. to 4:00 p.m. On May 6, 1988, while Herzig was driving the taxicab, he was involved in an accident with the Sawchaks. The Sawchaks stipulated that the accident was caused by their negligence. As a result, the Sawchaks paid East Lake Auto for the

damage to the cab and for ten days of business interruption.

Herzig was unable to work for six days while the cab was being repaired because a replacement cab was not available. Herzig filed an action against the Sawchaks seeking compensation for the six days he was unable to work. Daniel J. Ehrman, a claim investigator, testified as to the amount Herzig would have made per day. According to Ehrman, Herzig made approximately $200 per day from fares. This amount was reduced by the $15 Herzig had to pay for gas and the $45 he had to pay to lease the cab. Therefore, Herzig was left with a profit of $140. Herzig testified that, in addition to the $140, he received $20 a day for tips. Thus, Herzig sued the Sawchaks for $960 ($160 × 6).

The conciliation court referee ruled in favor of the Sawchaks. Then, Herzig had the case removed to the trial court. *See* Minn.Stat. § 488A.17 (1990). After hearing the evidence, the trial court concluded that Herzig was entitled to recover $960 and entered judgment accordingly. The Sawchaks appeal from the trial court's decision.

## ISSUE

Did the trial court err in finding that Herzig was entitled to recover for loss of use of the leased taxicab?

## ANALYSIS

### Standard of Review

The Sawchaks did not move for a new trial or amended findings. The issue before this court is whether the evidence supports the findings of fact and whether the findings support the conclusions of law. *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976) (citations omitted).

In discussing the legal definition of lease, *Black's Law Dictionary* states:

When used with reference to tangible personal property, word "lease" means a contract by which one owning such property grants to another the right to possess, use and enjoy it for specified period of time in exchange for periodic payment of a stipulated price, referred to as rent. *Black's Law Dictionary* 800 (5th ed. 1979).

In this case, the agreement between the parties has the elements of both a "bailment" and a "lease." The relationship here would be more like a "bailment" if Herzig had agreed to repair or store the cab. The agreement focuses upon Herzig's right to use the cab. Therefore, it seems it would be more appropriate to analyze this case under a "lease" theory.

■ The Sawchaks contend that Herzig is not entitled to recover money damages for loss of use of the taxicab because he does not own it. The law is well settled that an owner of a commercial vehicle may recover damages for loss of use of that vehicle while it is being repaired. *Kopischke v. Chicago, St. P., M. & O. Ry.,* 230 Minn. 23, 32–33, 40 N.W.2d 834, 839 (1950). Also, recovery for lost use has been extended to lessees in some jurisdictions. *See Koninklijke Luchtvaart Maatschaapij, N.V. (K.L.M. Royal Dutch Airlines) v. United Technologies Corp.,* 610 F.2d 1052, 1057 (2nd Cir.1979). This court adopted the extension in *Williams v. Boswell,* 444 N.W.2d 887 (Minn.App.1989), *pet. for rev. denied* (Minn. Oct. 31, 1989).

■ In *Williams,* the lease gave drivers much control over the leased taxicabs. *Id.* at 888. Moreover, the court in *Williams* extended the right to recovery to a class of people that were a lot like owners because they had exclusive control of the leased property. *Id.* In light of *Williams,* the resolution of this case turns upon whether Herzig was entitled to exclusive control and possession of the taxicab. *See id.* at 888.

■ In deciding the issue of exclusive control, this court must look to the terms of the lease agreement. The agreement involved in this case has no provision giving Herzig exclusive control and possession of the leased taxicab. On the contrary, the evidence presented indicates that Herzig did not have exclusive control and possession of the taxicab. The owner had the right to assign the taxicab to other drivers

as long as Herzig was given a car to drive during his shift. Herzig admitted that he had driven other cabs and that he did not have any control over which cab he was assigned. Herzig does not fall into an owner class because he was subject to a variety of different requirements and regulations under the lease. Hence, the evidence in the record does not support the trial court's finding that Herzig is entitled to money damages.

## DECISION

The evidence does not support a finding that Herzig had the right to exclusive control and possession of the leased taxicab. Thus, he was not entitled to compensation for the lost use of the leased taxicab.

Reversed.