Rhonda SAUTER, individually, as Personal Representative of the Estate of Glenn Sauter, and as parent and next friend of Stephanie Ann Sauter, Petitioner, Appellant,

v.

J.P. WASEMILLER, M.D., et al., St. Francis Hospital, Respondents.

No. C8–84–773.

Supreme Court of Minnesota.

June 27, 1986.

Robert Vogel, Grand Forks, N.D., for appellant.

Gunder Gunhus, Moorhead, for St. Francis Hosp.

Jane Heinley, Fargo, N.D., for Wasemiller.

AMDAHL, Chief Justice.

In the exercise of our supervisory powers, we granted the petition of Rhonda Sauter for further review to reconsider the issue of whether a party's failure to move for a new trial pursuant to Minn.R.Civ.P. 59.01 precludes appellate review of individual errors allegedly occurring at trial.

The underlying action was commenced against a physician and hospital for alleged negligence resulting in neurological damage to a baby during delivery. The jury returned a special verdict finding no negligence on the part of either defendant. The plaintiff, without moving for a new trial, appealed from the judgment assigning errors involving evidentiary rulings and jury instructions. The court of appeals held that alleged errors occurring at trial that are not challenged by a post-trial motion for a new trial are not reviewable on appeal. *Sauter v. Wasemiller*, 364 N.W.2d 833 (Minn.App.1985). We affirm.

The scope of appellate review is defined by Minn.R.Civ.App.P. 103.04 which provides as follows:

The appellate courts may reverse, affirm or modify the judgment or order appealed from or take any other action as the interest of justice may require.

On appeal from or review of an order the appellate courts may review any order affecting the order from which the appeal is taken and on appeal from a judgment may review any order involving the merits or affecting the judgment. They may review any other matter as the interest of justice may require.

It has long been the general rule that matters such as trial procedure, evidentiary rulings and jury instructions are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error. *Heise v. J.R. Clark Co.*, 245 Minn. 179, 191, 71 N.W.2d 818, 826 (1955). This general rule was not altered by the adoption of the broad language of Minn.R.Civ.App.P. 103.-04.

However, as we noted in a decision filed simultaneously with that in *Heise*, "[O]ur decisions are not uniform as to what may be reviewed on appeal from a judgment where there has been no motion for a new trial * * *." *LeMay v. Minneapolis Street Railway Co.*, 245 Minn. 192, 198, 71 N.W.2d 826, 830 (1955). In order to eliminate any confusion, we take this occasion to reaffirm the general rule.

In our view, the motion for a new trial provides both trial court and counsel with a unique opportunity to eliminate the need for appellate review or to more fully develop critical aspects of the record in the event appellate review is sought. Counsel is required to focus the trial court's attention on the specifics of an objection which, though properly framed during trial, might not have been fully explained or the impact of which might not have been understood during trial. The trial court is given time

for reflection and the opportunity to consider the context in which the alleged error occurred and the effect it might have had upon the outcome of the litigation. In short, it is given the opportunity to correct its own errors without subjecting the parties and the appellate courts to the time, expense and inconvenience involved in an appeal.

We are cognizant of the assertions that the general rule is overly-technical, time-consuming and requires actions often duplicative of objections raised during trial. However, we conclude that, upon balance, the benefits of a more-considered decision by the trial court and more effective appellate review far outweigh those perceived burdens.

We therefore reaffirm the general rule that in order to preserve for appellate review issues arising during the course of trial, counsel—in addition to taking the other requisite steps, including making timely objection—must move the trial court for a new trial pursuant to Minn.R.Civ.App.P. 59.01.

Affirmed.