**In re RICE LAKE AUTO, INC., d/b/a Airport Auto Sales.**

**No. CX–88–1965.**

Court of Appeals of Minnesota.

Nov. 1, 1988.

Mark A. Munger, McDonald, Munger, Downs and Munger, Duluth, for respondent Rice Lake Auto, Inc.

Hubert H. Humphrey, III, Atty. Gen., Anthony Ortiz, Sp. Asst. Atty. Gen., St. Paul, for appellant State.

Considered at Special Term and decided by WOZNIAK, C.J., and HUSPENI and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The attorney general, investigating violations of Minnesota's Consumer Protection Laws, served a civil investigation demand (CID) pursuant to Minn.Stat. § 8.31, subd. 2 (1986) on respondent Rice Lake Auto. A CID is a pre-filing investigative tool which the Attorney General utilizes to investigate suspected violations of several state laws, including consumer protection laws. The CID in this case sought answers to interrogatories. When respondent refused to comply with the demand, the attorney general brought a motion in district court to compel compliance. By order dated August 10 the district court denied the attorney general's motion.

The attorney general filed this appeal from the August 10 order. This court questioned jurisdiction.

### DECISION

■ Generally, discovery orders are interlocutory in nature and are not appealable as of right. *In re Estate and Guardianships of Williams,* 254 Minn. 272, 284, 95 N.W.2d 91, 100 (1959). The appropriate form of relief is through extraordinary writ, such as prohibition, or a petition for discretionary review. *See Mampel v. Eastern Heights State Bank,* 254 N.W.2d 375, 377 (Minn.1977) (prohibition is appropriate remedy where trial court orders disclosure of information which is clearly not discoverable); *see also Anderson v. Florence,* 288 Minn. 351, 351–52, 181 N.W.2d 873, 874 (1970) (discretionary review granted for pretrial discovery via interrogatories of defense medical expert opinions).

The CID utilized by the attorney general in this case is analogous to discovery conducted by other civil litigants under the Rules of Civil Procedure. Minn.Stat. § 8.31, subd. 2 authorizes "discovery from any person regarding any matter, fact, or circumstance, not privileged, which is relevant to the subject matter involved in the pending investigation * * *." Depositions, document production and interrogatories

are all authorized under the statute. Minn. Stat. § 8.31, subd. 2(a)–(c) (1986).

■ The supreme court has previously granted *discretionary review* of an order compelling a party to respond to an attorney general's CID. *Kohn v. State*, 336 N.W.2d 292, 294 (Minn.1983). The court did not discuss appealability, but specifically granted discretionary review. *Id.* We interpret this case to indicate that such orders are not appealable as of right.

■ Discretionary review will be granted "in the interest of justice," when a petitioner establishes compelling reasons for immediate review of a nonappealable order. Minn.R.Civ.App.P. 105.01. While not every order affecting a CID will justify such review, the attorney general has made the requisite showing in this case.

Discretionary review granted.