Kenneth **MUEHLSTEDT**, Respondent,

v.

**CITY OF LINO LAKES, et al.,** Appellants (C2–90–2317, C6–90–2725), Respondents (C4–90–2321, C7–90–2717),

**Dell Contracting, Inc., et al.,** Respondents (C2–90–2317, C6–90–2725), Appellants (C4–90–2321, C7–90–2717).

Nos. C2–90–2317, C7–90–2717, C4–90–2321 and C6–90–2725.

Court of Appeals of Minnesota.

March 5, 1991.

Mark Arth, Arth Law Office, St. Paul, for Kenneth Muehlstedt.

Frank J. Rajkowski, Donahue, Rajkowski, Hansmeier, Grunke & Jovanovich, St. Cloud, for City of Lino Lakes, et al.

Considered at Special Term and decided by WOZNIAK, C.J., and CRIPPEN and PETERSON, JJ.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

Respondent Kenneth Muehlstedt sued for damages incurred from the removal and burial of trees on his property in the course of construction of a public road. In November 1988, the jury found for Muehlstedt and awarded him compensatory and punitive damages. Appellants moved for a new trial. By order on May 9, 1989, the trial court denied the motion for a new trial on all issues, but granted a new trial on damages unless Muehlstedt accepted a remittitur. Muehlstedt declined the remittitur and the second trial, on damages alone, was held in April 1990. Again, the jury awarded Muehlstedt compensatory and punitive damages.

Appellants moved for a new trial on damages. By order on September 22, 1990, the trial court denied the motions, except that the motion of appellant Toltz, King, Duvall, Anderson & Associates (TKDA) for a new trial was granted unless Muehlstedt accepted a remittitur of the jury's award of punitive damages. This time, Muehlstedt accepted the remittitur.

Appellants City of Lino Lakes, TKDA, and John Davidson filed a joint appeal (C2–90–2317) from the May 9, 1989 and September 22, 1990 orders. Appellants Dell Contracting, Northern Asphalt Construction, and John Vicaryous filed a separate joint appeal (C4–90–2321) from the same orders. This court consolidated the appeals. Subsequently, this court questioned whether the May 9, 1989 order denying a new trial on all issues but granting a new trial on damages was independently appealable and whether it was within our scope of review from the September 22, 1990 order. The parties filed jurisdiction memoranda.

After this court questioned jurisdiction, appellants filed separate joint appeals (C7–90–2717 and C6–90–2725) from a November 16, 1990 judgment and a November 23, 1990 amended judgment entered after the second trial. This court granted appellants' motions to consolidate those appeals with the existing appeals.

### DECISION

■ An appeal may be taken from an order denying a new trial. Minn.R.Civ. App.P. 103.03(d). It is unclear, however, whether an order denying a motion for a new trial on all issues is immediately appealable where a new trial is granted on some issues. Some authority indicates the denial of a new trial under such circumstances is appealable. *See Marty v. Nordby*, 201 Minn. 469, 471, 276 N.W. 739, 740 (1937) (although order granting new trial on damages is nonappealable, appeal properly taken from portion of order denying new trial on all issues).

More recently, however, our supreme court has granted *discretionary review* to the portion of an order which denied a new trial on all issues, although the order granted a new trial on damages. *See Parkside Mobile Estates v. Lee*, 270 N.W.2d 758, 759 (Minn.1978). The grant of discretionary review implies that such orders are not appealable as a matter of right. *See In re Rice Lake Auto, Inc.*, 430 N.W.2d 881, 883 (Minn.App.1988) (where supreme court did not discuss appealability, but granted discretionary review, case can

be interpreted as indicating that order is not appealable as of right).

The early acceptance of such appeals, *see Marty*, appears inconsistent with our supreme court's recent emphasis on the completion of all trial court proceedings prior to appeal. *See generally Emme v. C.O. M.B., Inc.*, 418 N.W.2d 176, 179 (Minn. 1988). The court has noted that the thrust of the appellate rules is to avoid piecemeal appeals, in order to conserve judicial resources and expedite trial proceedings. *Id.; see also In re Commodore Hotel Fire & Explosion Case*, 318 N.W.2d 244, 247 (Minn.1982) (judgment on liability was not appealable immediately, where damages remained to be tried).

Similarly, the burden on the appellate courts is reduced, and trial proceedings are expedited if review of the denial of a new trial on all issues is postponed until after entry of a final judgment after the second trial on some issues. The parties may then raise all issues preserved in the initial motion for a new trial and those arising from the second trial which fall within our usual scope of review for appeals taken from judgments. Consistent with the *Emme* rationale, we hold today that an order granting a new trial on some issues, but denying a new trial on all issues, is not appealable prior to the second trial. Discretionary review under Minn.R.Civ.App.P. 105 may be sought in the unusual case where the interests of justice require immediate review.

■■■ The original appeals were taken from the September 22, 1990 order denying a new trial after the second trial on damages, and not from the judgment. An appeal from an order denying a new trial brings up for review only the errors occurring *during* trial which were raised in the motion, and it does not present orders made *prior* to trial. *Brown v. St. Paul City Ry.*, 241 Minn. 15, 30, 62 N.W.2d 688, 698–99 (1954). Clearly, the May 9, 1989 order, issued before the second trial, is not within our scope of review on appeal from the September 22, 1990 order denying a new trial on damages. *See Schaust v. Town Bd. of Hollywood Township*, 295 Minn. 571, 572, 204 N.W.2d 646, 648 (1973) (scope of review in appeal from order denying motion for new trial is limited to matters specifically alleged as error in the motion).

After we questioned jurisdiction, the parties perfected appeals from the final judgment. The May 9, 1989 order is within our scope of review on appeal from the final judgment entered after the second trial. *See* Minn.R.Civ.App.P. 103.04 (on appeal from a judgment any order involving the merits or affecting the judgment may be reviewed). The consolidation of proper appeals from the final judgment with appeals from the denial of a new (third) trial resolves the jurisdiction problem in this case and presents the broadest scope of review possible.

Appeal to proceed.