Jeffrey HACKETT, et al., Respondents,

v.

STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, Appellant.

No. C7–93–724.

Court of Appeals of Minnesota.

July 13, 1993.

Gary A. Van Cleve, Bloomington, for Jeffrey Hackett, et al.

Hubert H. Humphrey, III, Atty. Gen., Rory H. Foley, Sp. Asst. Atty. Gen., St. Paul, for State Dept. of Natural Resources.

Considered at Special Term and decided by ANDERSON, C.J., and FORSBERG and KLAPHAKE, JJ.

## SPECIAL TERM OPINION

ANDERSON, Chief Judge.

### FACTS

Respondents alleged breach of contract and other claims against appellant State of Minnesota, Department of Natural Resources, with respect to appellant's acquisition of property for a recreational trail. Appellant seeks review of a January 14, 1993 judgment on the merits and a January 15, 1993 order denying a new trial.

This court questioned jurisdiction because it was unclear whether all of the parties' claims had been adjudicated. Both parties submitted memoranda stating that no claims remained for the trial court's determination.

In their memorandum, respondents sought to limit the issues on appeal, arguing that appellant was precluded from raising trial court procedural errors because the time to appeal the order denying a new trial expired before the appeal from the judgment was filed. Appellant admits the notice of filing was served to limit the time to appeal the order denying a new trial, *see* Minn.R.Civ.App.P. 104.01, but contends the issues are subject to review on appeal from the judgment.

### DECISION

On appeal from a judgment, appellate courts may review any order involving the merits or affecting the judgment. Minn.R.Civ.App.P. 103.04. Despite rule 103.04's broad language, when a party fails to raise an issue before the trial court in a motion for a new trial, review on appeal from a judgment generally is limited to whether the evidence supports the court's findings of fact and whether those findings support the conclusions of law. *See Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

A posttrial motion for a new trial pursuant to Minn.R.Civ.P. 59.01 raising individual errors allegedly occurring at trial is a prerequisite to review of those errors on appeal from a judgment. *Sauter v. Wasemiller*, 389 N.W.2d 200, 201 (Minn. 1986). Although *Sauter* requires a party to make a motion for new trial to preserve trial errors, it does not require that an appeal be taken from the order denying a new trial, and we decline to impose such a requirement.

An appeal may be taken from a judgment within 90 days after its entry, while the time to appeal an order denying a new trial expires 30 days after the adverse party serves written notice that the order has been filed. Minn.R.Civ.App.P. 104.01. If judgment is entered before posttrial motions are decided, the time to appeal the judgment may expire before the time to appeal an order denying a new trial has even begun to run. Conversely, when the entry of judgment is delayed, the time to appeal from the order denying a new trial

may expire when the adverse party has served notice to limit the time to appeal.

On appeal solely from an order denying a new trial, our scope of review is limited to errors alleged in the motion for new trial. *Iverson v. Iverson*, 432 N.W.2d 492, 493 (Minn.App.1988). Because *Sauter* requires a party to make a motion for new trial, but does not require an appeal from an order denying such a motion, timely appeal from the judgment on the merits will present all procedural errors preserved in the motion for a new trial, as well as pretrial and posttrial rulings reviewable only on appeal from the judgment. *See Stockdale Bancorporation v. Kjellberg*, 479 N.W.2d 438 (Minn.App.1992) (pretrial orders are reviewable only on appeal from a final judgment, and are not within the scope of review of an appeal from an order denying a new trial); *Muehlstedt v. City of Lino Lakes*, 466 N.W.2d 56 (Minn.App. 1991) (order granting a new trial on some issues, but denying a new trial on all issues, is reviewable on appeal from a final judgment entered after the second trial).

In this case, respondents do not allege that appellant failed to raise the procedural issues in the motion for a new trial. A timely appeal was taken from the judgment on the merits, and the trial procedural issues are within this court's scope of review.

**Appeal to proceed.**