# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MARIFE BATO, INDIVIDUALLY,<br>Appellant,<br>vs.<br>SHAWNDA PILEGGI, INDIVIDUALLY,<br>Respondent. | No. 68095<br><br>**FILED**<br><br>APR 14 2017<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment after a jury trial in a tort action. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Respondent Shawnda Pileggi sued appellant Marife Bato for injuries sustained in a car accident. The jury returned a verdict in favor of Pileggi for $404,048 in past medical expenses, $400,000 in past pain and suffering, and $400,000 in future pain and suffering. On appeal, Bato challenges four evidentiary rulings made by the district court: (1) precluding Bato's medical expert from using the terms "secondary gain" or "malingering" and testifying that Pileggi was lying about her injuries; (2) precluding Bato from arguing that the accident was low-impact and could not have caused Pileggi's injuries without providing further evidence in support of that argument; (3) permitting Pileggi's treating physicians to testify as to causation opinions contained in their treatment records; and (4) precluding references to medical liens.

"The district court enjoys broad discretion in determining whether evidence should be admitted." *Prabhu v. Levine*, 112 Nev. 1538, 1548, 930 P.2d 103, 110 (1996). This court "review[s] a district court's decision to admit or exclude evidence for abuse of discretion, and . . . will

17-12358

not interfere with the district court's exercise of its discretion absent a showing of palpable abuse." *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). Having reviewed the parties' briefs and appendices, we conclude that of the four challenged evidentiary rulings, the district court abused its discretion only in precluding evidence of the existence of medical liens on the basis that it violated the collateral source rule. *Khoury v. Seastrand*, 132 Nev., Adv. Op. 52, 377 P.3d 81, 94 (2016) ("[E]vidence of the existence of medical liens to prove bias does not invoke the collateral source rule.").

We further conclude, however, that the district court's error in excluding the evidence of medical liens was harmless and therefore not reversible. NRCP 61. To demonstrate that an error is not harmless, a party "must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached." *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010). Bato has not shown that but for the exclusion of the medical lien evidence the jury would have returned a different verdict, and Bato was able to examine the issue of bias in cross-examining Pileggi's experts on the payments they received for their trial preparation and testimony. *Khoury*, 132 Nev., Adv. Op. 52, 377 P.3d at 94.

Bato also argues that during closing argument Pileggi's counsel engaged in misconduct by providing his personal opinions as to the case and Bato's medical expert as well as inviting jury nullification. These statements were not objected to by Bato, however, and Bato failed to file a motion for a new trial based on the alleged misconduct. The issue was therefore not preserved for appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial

court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal."); *see also Sauter v. Wasemiller*, 389 N.W.2d 200 (Minn. 1986) (reaffirming the general rule that to preserve issues for appellate review they must be raised before the trial court in a motion for a new trial). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jerry A. Wiese, District Judge
       Robert F. Saint-Aubin, Settlement Judge
       Ventimiglia & Nazareno, LLC
       Bremer Whyte Brown & O'Meara, LLP
       Law Offices of Kevin R. Hansen
       Ryan E. Alexander
       Schwartzer & McPherson Law Firm
       Eighth District Court Clerk