HUDSON, Justice.
This case arises out of a condemnation proceeding initiated by respondent Hennepin County ("the County") to seize the property of appellants Sandip and Jagruti Bhakta ("the Bhaktas") by eminent domain. Court-appointed commissioners issued an award of compensation to the Bhaktas for the taking. Dissatisfied with the award, the Bhaktas appealed the commissioners' decision to the district court and the matter was set for trial. The Bhaktas brought several motions in limine before trial, all of which were denied by the district court. After the district court entered judgment, the Bhaktas appealed to the court of appeals. The court of appeals dismissed the portion of their appeal arising out of the orders denying the motions in limine because the Bhaktas did not raise their objections in a motion for a new trial. We conclude that a motion for a new trial is not required to preserve objections to pretrial orders that decide motions in limine for appellate review.
FACTS
In May 2012, the County filed a condemnation petition with the district court to acquire the Bhaktas' Brooklyn Park motel as part of a project to upgrade an adjacent county road. The district court granted title and possession of the property to the County and appointed three commissioners to determine the damages owed by the County for the property. Subsequently the County made a quick-take payment of $765,443 for the Bhaktas' property.[1] In October 2014, the commissioners determined that the amount of just compensation for the taking was $760,000. The Bhaktas appealed the commissioners' decision to the district court, where the main *196 issue was the minimum compensation the Bhaktas were owed under Minn. Stat. § 117.187 (2018).
Trial was scheduled for April 4, 2017. On March 21, 2017, the Bhaktas filed five written motions in limine. These motions included requests to exclude the County's written minimum-compensation analysis and any testimony about minimum compensation, including testimony by the County's minimum-compensation consultant.[2] The motions in limine were thoroughly briefed: the Bhaktas filed each of the five motions separately; the County responded to each motion in writing; the Bhaktas filed replies; the County filed an additional responsive brief addressing all five motions; and finally, the Bhaktas moved to strike the County's additional response as improper and filed a sur-reply supporting the five motions.
On the morning of trial, but before the jury was selected, the district court heard argument on the motions in limine. Before trial started, the court denied all five motions, and the challenged evidence was admitted at trial. The jury returned a verdict of $810,000 for the Bhaktas, more than the quick-take payment of $765,443. The district court initially entered judgment for the difference. But the court subsequently vacated that judgment and entered a new judgment for $0 after granting the County's motion to offset delinquent utility charges and real estate taxes owed by the Bhaktas but paid by the County. The Bhaktas did not move for a new trial. Instead, they appealed the judgment on several grounds, including the denial of the motions in limine.
In a published special term opinion, the court of appeals dismissed the portion of the appeal challenging the district court's denial of the motions in limine to exclude the minimum-compensation analysis and the testimony of the city assessor. Cty. of Hennepin v. Bhakta , 907 N.W.2d 908, 912 (Minn. App. 2017). The court of appeals held that, to preserve those rulings for appellate review, the Bhaktas were first required to assign the rulings as error in a motion for a new trial in the district court. Id.
The court of appeals concluded that orders on pretrial procedural motions in limine fall within the general rule of Sauter v. Wasemiller , 389 N.W.2d 200 (Minn. 1986). Bhakta , 907 N.W.2d at 912. Under the Sauter rule, the court reasoned, parties must move for a new trial to preserve issues that arise during the course of trial. Id. at 910 (citing Sauter , 389 N.W.2d at 201 ). The court also relied on Sauter to conclude that issues "that arise during the course of trial" include "pretrial evidentiary rulings." Id. When no motion for a new trial has been made, review of the judgment is limited to "substantive questions of law." Id. at 911 (quoting Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn. , 664 N.W.2d 303, 311 (Minn. 2003) ).
Ultimately, the court of appeals concluded that the objections to the minimum-compensation analysis and the testimony of the city assessor were procedural, rather than substantive, and therefore, the Sauter rule precluded appellate review of these issues. Id. at 912. In reaching this conclusion the court of appeals relied on *197 Tyroll v. Private Label Chemicals, Inc. , 505 N.W.2d 54 (Minn. 1993), which involved an appeal of a pretrial order denying a request for a jury, rather than a bench, trial. The court of appeals observed that in Tyroll , we "did not hold that the Sauter rule was inapplicable because the order denying appellant's motion for a jury trial was made before, rather than during, the trial." Bhakta , 907 N.W.2d at 911. Rather, we "held that the Sauter rule did not apply because a ruling on the right to a jury trial is more than a procedural matter." Id.
The court of appeals also concluded that the general policy reasons undergirding the Sauter rule apply with equal force to pretrial motions: requiring a motion for a new trial may eliminate the need for appellate review or facilitate development of the record. Id. at 912. "Whether the district court rules on an evidentiary issue before or during trial, a motion for a new trial gives the district court the opportunity to reconsider the ruling in the context of the entire trial and the effect that the ruling might have had on the outcome of the litigation." Id. The court of appeals held that "the Sauter rule applies to the district court's discretionary pretrial rulings on evidentiary issues." Id. Accordingly, the court dismissed the part of the appeal challenging the district court's denial of the motions in limine to exclude the minimum-compensation analysis and the testimony of the city assessor.
We granted the Bhaktas' petition for review. Subsequently, the court of appeals stayed the remaining portion of the appeal pending resolution of the issue before us.
ANALYSIS
Matters of trial procedure, evidentiary rulings, and jury instructions occurring at trial are subject to appellate review only if they are assigned as error in a motion for a new trial. See Sauter , 389 N.W.2d at 201. This appeal requires us to determine whether the Sauter rule applies in the context of a pretrial order on a motion to exclude evidence when that motion has been fully briefed, argued, and decided. The interpretation of procedural rules, including the Rules of Civil Appellate Procedure, is a question of law that we review de novo. Crowley v. Meyer , 897 N.W.2d 288, 292 (Minn. 2017).
The Bhaktas contend that they were not required to move for a new trial to preserve appellate review of the orders on the motions in limine because the Sauter rule applies only to rulings made during trial, not to pretrial orders. They argue that a plain reading of Sauter , including the language "at trial," "during trial," and "during the course of trial," supports their position that the rule does not extend to pretrial matters. See Sauter , 389 N.W.2d at 201-02. The Bhaktas argue that our decision in Alpha Real Estate also supports their position, because in that case we distinguished between matters arising at trial and those that are "fully briefed and argued." See Alpha Real Estate , 664 N.W.2d at 310.
The County argues that matters raised "during the course of trial" include, as a practical matter, orders on motions in limine, and, therefore, the Bhaktas were required to bring a motion for a new trial to preserve their challenges to the district court's orders denying those motions. The County contends that such pretrial rulings are functionally rulings on issues "at trial," and deciding them in advance "does not change their nature." According to the County, the Bhaktas' interpretation creates an arbitrary distinction between objections to evidentiary trial rulings made just before trial and those made after jury selection. The County also argues that the policy considerations behind the Sauter rule support its position. By giving the *198 district court the opportunity to reconsider its rulings, the County asserts, motions for new trial facilitate better development of the record before appellate review or eliminate the need for appellate review altogether. The County further argues that the Bhaktas' interpretation would lead to a decrease in motions for new trial and an increase in appeals, hampering judicial economy.
The Minnesota State Bar Association Appellate Practice Section ("the Section") filed an amicus brief "to aid the court in developing a clear and workable rule to guide lower courts and future litigants." The Section advocates that the court "adopt a bright line rule that limits the Sauter requirement to challenges to rulings made by the trial court during trial."
An overview of the applicable rules guides our analysis. Rule 103.04 of the Minnesota Rules of Civil Appellate Procedure provides the scope of review for appellate courts. Under the rule, "[t]he scope of review afforded may be affected by whether proper steps have been taken to preserve issues for review on appeal, including the existence of timely and proper post-trial motions." Minn. R. Civ. App. P. 103.04. This sentence was added in an amendment effective January 1, 1999 to help litigants recognize the importance of post-trial motions, because failure to bring post-trial motions was a "significant, recurring problem." Minn. R. Civ. App. P. 103.04 comm. cmt.-1998 amendment. The rule is silent, however, on when post-trial motions are necessary.
Rule 59 of the Minnesota Rules of Civil Procedure, which governs motions for new trial, gives examples of situations in which a new trial may be granted. But this rule is likewise silent on whether a motion for a new trial is required to preserve an appeal from an order on a motion in limine. Minn. R. Civ. P. 59.01.
Our precedent, however, does provide guidance on when motions for new trial are required: "[i]t has long been the general rule that matters such as trial procedure, evidentiary rulings and jury instructions are subject to appellate review only if there has been a motion for a new trial in which such matters have been assigned as error." Sauter , 389 N.W.2d at 201. A motion for a new trial is helpful because it "provides both trial court and counsel with a unique opportunity to eliminate the need for appellate review or to more fully develop critical aspects of the record in the event appellate review is sought." Id. In short, the rule promotes judicial efficiency.
Notably, Sauter uses the phrases "occurring at trial," "during the course of trial," and "during trial," which strongly suggest that we did not consider the rule to apply to pretrial matters or rulings.[3] Id. at 201-02. In addition, when objections are made during trial, "the court must make quick, on-the-spot decisions." Alpha Real Estate , 664 N.W.2d at 310. But in the case of pretrial orders, the parties provide the court with notice, written motions, and briefs in advance of trial. See Minn. Gen. R. Prac. 115.03 - .04. The issues are explained, and the district court typically has time to reflect on them. Here, the motions in limine were brought 2 weeks before trial and were thoroughly briefed and argued; thus, the district court should have had time to reflect on the motions and supporting briefs before the trial itself. We agree with the court of appeals that, in general, requiring litigants to move for a new trial *199 "give[s] the district court the opportunity to consider the context of the objection and the effect that the alleged error may have had on the outcome of the case." Bhakta , 907 N.W.2d at 911. We conclude, however, that, because motions in limine are fully briefed and argued, and because the district court has time for reflection before making pretrial decisions, little additional benefit is gained from a second review by the district court. The animating goal of the Sauter rule-thoughtful, reflective decision-making by the district court-is largely achieved in the context of orders on motions in limine that are fully briefed, argued, and decided before trial.[4]
The court of appeals relied on Tyroll to extend the Sauter rule. See 907 N.W.2d at 911-12 (discussing Tyroll , 505 N.W.2d 54, 57 ). Like this case, Tyroll involved pretrial rulings-there, a ruling denying a jury trial and calculating damages. 505 N.W.2d at 56. Our decision in Tyroll did not turn on whether the appealed rulings occurred "at trial," however. Instead, we held that the right to a jury trial is a constitutional right relating "not to how a case is to be tried before the decisionmaker, but who is to be the decisionmaker." Id. at 57. We concluded that the appealed rulings involved "more than a procedural matter." Id. Therefore, a party could raise the issue on appeal without first bringing a motion for a new trial. Id. The court of appeals noted that Tyroll "did not hold that the Sauter rule was inapplicable because the order denying appellants' motion for a jury trial was made before, rather than during, the trial." Bhakta , 907 N.W.2d at 911. That is true. But Tyroll is nevertheless inapposite because we did not reach the issue of whether pretrial motions fall within the Sauter rule. We therefore reject the court of appeals' conclusion that Tyroll extended the Sauter rule to pretrial orders on motions in limine.
In sum, our precedent and the judicial efficiency policies underlying that precedent support a conclusion that Sauter does not apply to pretrial orders on motions in limine. Accordingly, we hold that pretrial orders on motions in limine are appealable regardless of whether those orders have been assigned as error in a motion for a new trial. The Sauter rule continues to apply to motions brought or decided during trial.
CONCLUSION
For the foregoing reasons, we reverse the decision of the court of appeals and *200 remand to that court for further proceedings consistent with this opinion.
Reversed and remanded.

Minnesota Statutes § 117.042 (2018), the "quick-take" statute, allows an entity exercising eminent domain to take title to and possession of property before a court files an award determining the value of the property. Under the statute, the entity exercising eminent domain must give 90-days' notice to the property owners and either pay to the owners or deposit with the court an amount equal to the appraised value of the property.

The parties dispute whether the written minimum-compensation document was a report or an analysis for purposes of complying with Minn. R. Civ. P. 26.01(b) and 37.03(a), but that dispute is not relevant to the issue before us. We refer to the document as an "analysis" (as did the district court) without expressing any opinion on the merits of the parties' dispute.

We need not reach the issue of when a trial "begins" for purposes of this rule, because the parties agree that trial had not yet begun when the motions in question were made and decided.

The Sauter rule originated in the early twentieth century, when pretrial motions were far less common. See, e.g. , Smith v. Gray Motor Co. , 169 Minn. 45, 210 N.W. 618, 619 (1926) ; Bosch v. Chi., M. & St. P. Ry. Co. , 131 Minn. 313, 155 N.W. 202, 203 (1915). Since that time, the practice of law has changed. 23 Ronald I. Meshbesher & James B. Sheehy, Minnesota Practice-Minnesota Trial Handbook for Minnesota Lawyers § 13:20 (2017) ("The motion in limine is a departure from the traditional practice of ruling on challenges to the admissibility of evidence at the time it is offered."). Pretrial motions are now encouraged and governed by specific rules that require notice and briefing, which provide the district court more opportunity to reflectively consider them. Id. , § 4.16 ("Since most courts will appreciate an opportunity to avoid [rulings without adequate time to consider all authorities and ramifications], in limine motions are generally encouraged. These motions also tend to provide a better record than may be made in the heat and hurry of trial."). Moreover, the federal rules do not require motions for a new trial to preserve issues for appeal. 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2818 (3d ed. 2012). For these reasons, we refer to the Advisory Committee on the Rules of Civil Appellate Procedure the question of whether Minn. R. Civ. App. P. 103.04 should be amended to supersede Sauter v. Wasemiller or otherwise clarified regarding when a motion for a new trial is required to preserve an issue for appellate review.